1  OGONNA M. BROWN, ESQ.
   Nevada Bar No. 7589
2  E-mail: obrown@nevadafirm.com
   ANDREA M. GANDARA, ESQ.
3  Nevada Bar No. 12580
   E-mail: agandara@nevadafirm.com
4  HOLLEY DRIGGS, WALCH
   FINE WRAY PUZEY & THOMPSON
5  400 South Fourth Street, Third Floor
   Las Vegas, Nevada 89101
6  Telephone:    702/791-0308

7  *Attorneys for Steven Joe, Michael McNeill and Juliana McNeill*

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

| | |
|---|---|
| 10  SALMA AGHA-KHAN, MD., an individual | Case Number 2:16-cv-01124-JCM-NJK |
| 11              Plaintiff, | **DEFENDANTS STEVEN JOE, MICHAEL MCNEILL, AND JULIANA MCNEILL'S MOTION TO DISMISS** |
| 12      v. | |
| 13  PACIFIC COMMUNITY MORTGAGE INC.; et al., | |
| 14              Defendants. | |
| 15 | |

16          Defendants STEVEN JOE ("S. Joe"), MICHAEL MCNEILL ("M. McNeill") and

17  JULIANA MCNEILL ("J. McNeill") (collectively, the "Moving Defendants"), by and

18  through their attorneys of record, Ogonna M. Brown, Esq. and Andrea M. Gandara, Esq., of

19  the law firm Holley Driggs Walch Fine Wray Puzey & Thompson, and pursuant to Rule 9(b)

20  and Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss Count VII

21  (Third Cause of Action for Injunctive Relief for Unjust Enrichment), Count VIII (Fourth

22  Cause of Action for Breach of Contract), Count V (Violation of Nevada Rev. Statutes 645 et

23  seq. and 675 et seq.), and Count XIII (Ninth Cause of Action for Negligence), for failure to

24  state a claim upon which relief can be granted. Plaintiff's claims against Moving Defendants

25  relate to the September 2010 foreclosure sale and the purchase of the real property located at

26  1967 Cherry Creek Circle, Las Vegas, Nevada 89135 ("Property") by S. Joe and M. McNeill.

27

1    Moving Defendants' Motion to Dismiss (the "Motion") is made and based upon the

2    following Memorandum of Points and Authorities, the pleadings and papers on file herein

3    and any argument presented at hearing on the Motion.

4    DATED this 10th day of June, 2016.

5                                    HOLLEY DRIGGS WALCH FINE
                                     WRAY PUZEY & THOMPSON
6                                    /s/ Ogonna M. Brown

                                     OGONNA M. BROWN, ESQ.
7                                    Nevada Bar No. 7589
                                     E-mail:obrown@nevadafirm.com
8                                    ANDREA M. GANDARA, ESQ.
                                     Nevada Bar No. 12580
9                                    Email: agandara@nevadafirm.com
                                     400 South Fourth Street, Third Floor
10                                   Las Vegas, Nevada 89101
                                     Telephone:702/791-0308
11                                   *Attorneys for Defendants Steven Joe,*
                                     *Michael McNeill and Juliana McNeill*

12

13              **MEMORANDUM OF POINTS AND AUTHORITIES**

14                        **I.        INTRODUCTION**

15    On May 19, 2016, Plaintiff Salma Agha-Khan, MD ("Plaintiff") filed a Complaint in

16    the United States District Court, District of Nevada, alleging twelve (12) separate causes of

17    action arising from Plaintiff's financing procured on the Property, and Plaintiff's default,

18    resulting in the subsequent foreclosure and sale of said Property. Quality Loan Service Corp.

19    ("Quality Loan"), as nominee for Pacific Community Mortgage Inc. ("Lender"), recorded a

20    Notice of Trustee's Sale on May 14, 2010, scheduling the foreclosure sale for June 1, 2010.

21    The foreclosure sale ultimately occurred on September 2, 2010, for the winning bid of

22    $594,891.05, sold to S. Joe and M. McNeill, each holding a fifty-percent (50%) ownership

23    interest in the Property. S. Joe and M. McNeill addressed the tax liens encumbering the

24    Property. Over six (6) months after acquiring the Property, on February 24, 2011, S. Joe and

25    M. McNeill sold the Property to a bona fide third-party purchaser. Immediately before this

26    sale, M. McNeill's wife executed a Grant, Bargain and Sale Deed, which was recorded on

27    February 24, 2011, for the sole purpose of relinquishing any of her community property

1    rights or claims as to the Property. J. McNeill had absolutely no involvement in the

2    transaction with Plaintiff, and should be dismissed as a party from this litigation

3    immediately.

4          Nearly six (6) years after S. Joe and M. McNeill sold the Property to a third party,

5    Plaintiff commenced the above-captioned litigation against S. Joe and M. McNeill, and his

6    wife J. McNeill, among a litany of other defendants, resulting in a total of thirty-one (31)

7    defendants. See Complaint ("Compl.") [ECF No. 1]. As explained below, Plaintiff's claims

8    for Injunctive Relief for Unjust Enrichment, Breach of Contract, violation of NRS Chapters

9    645 and 675, and Negligence alleged against the Moving Defendants each fail as a matter of

10   law.

11         Plaintiff's claims for Injunctive Relief for Unjust Enrichment, Breach of Contract,

12   violation of NRS Chapters 645 and 675, and Negligence fails as a matter of law and must be

13   dismissed under Rule 12(b)(6), based upon the deficient allegations set forth in the

14   Complaint, including the claims based in fraud that require the heightened pleading under

15   Rule 9(b). Based on the foregoing, Moving Defendants respectfully request that this Court

16   dismiss Plaintiff's claims for Injunctive Relief for Unjust Enrichment, Breach of Contract,

17   violation of NRS Chapters 645 and 675, and Negligence.

18                                **II.    FACTS**

19         1.    Plaintiff obtained a loan from Lender in the amount of $615,000.00 ("Loan"),

20   which Loan was secured by a Deed of Trust dated August 18, 2004, in favor of Lender. The

21   Deed of Trust was recorded with the Clark County Recorder's Office on September 8, 2004.

22   See Compl. Exhibit B [ECF No. 1, p. 63 of 95].

23         2.    Plaintiff defaulted under the Loan by, among other things, failing to make the

24   installment payments of principal and interest which became due on October 1, 2009, along

25   with all subsequent installments. As a result of Plaintiff's default under the Loan, on January

26   13, 2010, Lender caused to be recorded the Notice of Breach and Default and of Election to

27   Cause Sale of Real Property Under Deed of Trust ("Notice of Breach and Election to Sell")

against the real property located at 1967 Cherry Creek Circle, Las Vegas, Nevada 89135, Assessor's Parcel Number 164-02-218-001 ("Property"). See Notice of Breach and Election to Sell, Exhibit C of Compl. [ECF No. 1, p. 72 of 95].

3.      On February 5, 2010, Quality Loan was substituted for Mortgage Electronic Registration Systems as the Lender's nominee and new Trustee for the Lender. See Substitution of Trustee, Exhibit D of Compl. [ECF No. 1, p. 76 of 95].

4.      On May 14, 2010, Quality Loan, as nominee for the Lender, recorded a Notice of Trustee's Sale, scheduling the foreclosure sale for June 1, 2010, at 10:00 a.m. See Notice of Trustee's Sale, Exhibit G of Compl. [ECF No. 1, p. 84 of 95].

5.      The foreclosure sale ultimately occurred on September 2, 2010, for the winning bid of $594,891.05, sold to S. Joe and M. McNeill, each holding a fifty-percent (50%) ownership interest in the Property. See Trustee's Deed Upon Sale, Exhibit H of Compl. [ECF No. 1, p. 87 of 95].

6.      On February 24, 2011, the Grant, Bargain and Sale Deed executed by J. McNeill, the wife of M. McNeill, was recorded as to the Property to relinquish any rights or claims to the Property as part of their community property. The Grant, Bargain and Sale Deed expressly provides that J. McNeill:

…does hereby GRANT, BARGAIN, SELL and CONVEY to

**Michael McNeill, A Married Man as His Sole and Separate Property.**

See Grant, Bargain and Sale Deed, **Exhibit 1** to the Request for Judicial Notice.

7.      Over six (6) months after acquiring the Property at the foreclosure sale, S. Joe and M. McNeill sold the Property to a bona fide third-party purchaser on February 24, 2011.[1]

---

[1] In the Request for Judicial Notice, Moving Defendants respectfully request that the Court take judicial notice of the Grant, Bargain and Sale Deed from J. McNeill to M. McNeill, recorded in the Clark County Recorder's Office as Document No. 201102240003424 on February 24, 2011, and the Grant, Bargain and Sale Deed from S. Joe and M. McNeill to third party buyers, recorded as Document No. 201102240003425 on February 24, 2011, attached as **Exhibit 1** and **Exhibit 2**, respectively, to the Request for Judicial Notice filed contemporaneously herewith.

1     <u>See</u> Grant, Bargain and Sale Deed from S. Joe and M. McNeill to third-party buyers,

2     **Exhibit 2** to the Request for Judicial Notice.

3          8.     On May 19, 2016, Plaintiff Salma Agha-Khan commenced the above-

4     captioned litigation against Moving Defendants, *inter alia*, alleging Injunctive Relief for

5     Unjust Enrichment, Breach of Contract, violation of NRS Chapters 645 and 675 and

6     Negligence against Moving Defendants.

7          9.     In the Complaint, Plaintiff alleges that S. Joe, M. McNeill, and J. McNeill

8     were "involved in fraudulent property transactions." (Compl., p. 5, ¶¶ 18-19, ll. 21-25, p. 6,

9     ¶ 21, ll. 4-6.)

10         10.     The next allegation in the Complaint that makes any reference to Moving

11     Defendants appears on page 14, where Plaintiff further alleges that "purchasers" S. Joe, M.

12     McNeill, and J. McNeill were "sophisticated 'investors', and knew at the time of purchase

13     that there was no valid chain of title under which they could purchase this Property for any

14     legal reason whatsoever which is why they 'flipped' the property within months of acquiring

15     it." (Compl., p. 14, ¶ 65, ll. 4-8.)

16         11.     Plaintiff makes a general allegation that may relate to Moving Defendants,

17     although it is unclear, alleging that "there is no chain of title for any Defendant herein to

18     enforce any foreclosure or subsequent sale." (Compl., p. 30, ¶ 124, ll. 1-2.)

19         12.     Plaintiff's first allegation under the Causes of Action asserted against any of

20     the Moving Defendants appears on page 43 of the Complaint, where Plaintiff alleges that

21     "Defendant McNeill and Joe are not and were not bonafide [sic] purchasers for value. A mere

22     investigation of title would dispose anyone of any legality of this purchase and any purchaser

23     should have reasonable cause to investigate the Non-Judicial Trustee's Sale." (Compl., p. 43,

24     ¶ 184, ll. 12-15.)

25         13.     Even though Plaintiff states that the Ninth Cause of Action for Negligence is

26     against all Defendants, the Ninth Cause of Action is devoid of a single reference to any of the

27     Moving Defendants. (Compl., p. 48, ¶ 211, ll. 23-25, pp. 49-50, ll. 1-4.)

1       14.     Plaintiff also alleged eight (8) other causes of action against the remaining

2   defendants, but none of the following remaining eight (8) causes of action are asserted

3   against Moving Defendants:

4              a.   Count I – Fraud (Against all Foreclosing and Lending Defendants);

5              b.   Count II – Violation of the Nevada Uniform Fraudulent Transfer Act NRS

6                   112.180; NRS 112.190 et seq. (Against all Lending and Foreclosing

7                   Defendants);

8              c.   Count VI – Violation of US Statute 15 U.S. 1601; 26 U.S.C. 860(g); 18

9                   U.S.C. 1341; 18 U.S.C. 1342; 18 U.S.C. 1343; 18 U.S.C. 1344

10             d.   Count VII – Violation of 42 U.S.C. 1982 and 42 U.S.C. 1983;

11             e.   Count VIII - Violation of Due Process Clause of U.S. Constitution,

12                  Nevada State Constitution, California State Constitution, Lack of Notice

13                  and Takings Clause;

14             f.   Count X – Violation of U.S. and Nevada Racketeering Statutes;

15             g.   Count XI – Intentional Bad Faith Violations of Federal Debt Collection

16                  Practices Act 15 USC 1692; and

17             h.   Count XII – Punitive Damages Allegation Pursuant to NRS 42.001 et seq.

18                        **III.      LEGAL ARGUMENT**

19   **A.     Motion to Dismiss Standard**

20       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may

21   dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."

22   A properly pled complaint must contain a "short and plain statement of the claim showing

23   that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Bell Atlantic Corp v. Twombly,

24   500 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6) tests the complaint's

25   sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

26   When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

27   dismissal is appropriate only when the complaint does not give the defendant fair notice of a

1   legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly,

2   550 U.S. at 555. While a party is not required to plead detailed factual allegations, Fed. R.

3   Civ. P. requires "more than labels and conclusions" or a "formulaic recitation of the elements

4   of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v.

5   Allain, 478 U.S. 265, 286 (1986)). In order to prevail on a motion to dismiss, a complaint

6   must contain sufficient factual matter to "state a claim to relief that is plausible on its face."

7   Iqbal, 129 S. Ct. at 1949. The court, however, is not required to accept as true allegations that

8   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See

9   Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also In re Stac

10  Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Verifone

11  Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993)) (alteration omitted) ("conclusory

12  allegations of law and unwarranted inferences are insufficient to defendant a Motion to

13  Dismiss for failure to state a claim.").

14        The United States Supreme Court, in their seminal case of *Ashcroft v. Iqbal*, held:

15        To survive a motion to dismiss, a complaint must contain sufficient factual
          matter, accepted as true, to "state a claim for relief that is plausible on its
16        face." A claim has facial plausibility when the plaintiff pleads factual content
          that allows the court to draw a reasonable inference that the defendant is liable
17        for the misconduct alleged. The *plausibility standard is not akin to a
          "probability requirement," but it asks for more than a sheer possibility that
18        the defendant has acted unlawfully. Where a complaint pleads facts that are
          "merely consistent with" a defendant's liability, it "stops short of the line
19        between possibility and plausibility of entitlement to relief"*.

20                                           . . .

21        Only a Complaint that states a plausible claim for relief survives a motion to
          dismiss. Determining whether a complaint states a plausible claim for relief
22        will, as the Court of Appeals observed, be a context-specific task that requires
          the reviewing court to draw on judicial experience and common sense. For
23        where the well-pleaded facts do not permit the court to infer more than the
          possibility of misconduct, the Complaint has alleged – but it has not
24        "show[n]" – that the pleader is entitled to relief.

25        In keeping with these principles a court considering a motion to dismiss can
          choose to begin by identifying pleadings that, because they are no more than
26        conclusions, are not entitled to the assumption of truth. While legal
          conclusions can provide the framework of a complaint, they must be
27        supported by factual allegations. When there are well-pleaded factual

1    allegations, a court should assume their veracity and then determine whether
2    they plausibly give rise to an entitlement of relief.

3    556 U.S. 662, 677-79 (2009) (emphasis added).

4        When ruling on Rule 12(b)(6) motions to dismiss, courts must consider
5    documents incorporated into the complaint by reference and matters of which a court
6    may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S.
7    308, 322, 127 S. Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). A court does not need to
8    accept as true allegations that contradict matters properly subject to judicial notice.
9    Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on
10   denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

11       If the court grants a motion to dismiss, it must then decide whether to grant leave to
12   amend. The court should "freely give" leave to amend when there is no "undue delay, bad
13   faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party
14   by virtue of . . . the amendment, [or] futility of the amendment . . . ." FED. R. CIV. P. 15(a);
15   Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it
16   is clear that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v.
17   Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

18       Plaintiff has failed to set forth any cognizable legal theory supporting claims for
19   Injunctive Relief for Unjust Enrichment, Breach of Contract, violation of NRS Chapters 645
20   and 675, and Negligence in the Complaint. Thus, Plaintiff's causes of action for Injunctive
21   Relief for Unjust Enrichment, Breach of Contract, violation of NRS Chapters 645 and 675,
22   and Negligence alleged against the Moving Defendants should be dismissed in their entirety.

23   **B.**    **Plaintiff Has Failed to State any Claim for Relief Against Juliana McNeill**

24       J. McNeill must be dismissed from the action for Plaintiff's failure to state a claim
25   under Rule 12(b)(6), as J. McNeill is not a proper party to this litigation. First, a review of
26   Plaintiff's Complaint reveals that there is not a single allegation asserted against J. McNeill
27   that rises to a cognizable claim for any of the twelve (12) claims for relief alleged by

1  Plaintiff. The sole allegation against J. McNeill in the entire Complaint appears on page 6 of

2  the Complaint, wherein Plaintiff alleges that J. McNeill was "involved in fraudulent property

3  transactions. (Compl., p. 6, ¶ 22.)

4       J. McNeill's sole connection to the real estate transaction that is related to Plaintiff's

5  Complaint peripherally is J. McNeill's execution of the Grant, Bargain and Sale Deed from J.

6  McNeill to M. McNeill, recorded in the Clark County Recorder's Office as Document No.

7  201102240003424 on February 24, 2011. <u>See</u> Grant, Bargain and Sale Deed, **Exhibit 1** to

8  Request for Judicial Notice. J. McNeill is M. McNeill's wife, and she executed the Grant,

9  Bargain and Sale Deed for the sole purpose of relinquishing any of her community property

10  rights or claims as to the Property. J. McNeill had absolutely no involvement in the

11  transaction with Plaintiff. As a result, J. McNeill should be dismissed as a party from this

12  litigation in the entirety, as Plaintiff fails to state a claim against J. McNeill upon which relief

13  can be granted as required under Rule 12(b)(6).

14

15  **C.**     <u>**Plaintiff has alleged Plaintiff Has Failed to State a Valid Claim for Injunctive Relief for Unjust Enrichment, Because Plaintiff has Failed to Allege**</u>

16       Plaintiff has alleged in its Third Cause of Action a claim for Injunctive Relief for

17  Unjust Enrichment "against all defendants". (Compl., p. 37, ll. 11-12.) For the reasons set

18  forth below, Plaintiff's Third Cause of Action for Injunctive Relief for Unjust Enrichment

19  must be dismissed as to the Moving Defendants.

20      **1.**     **Plaintiff Fails to Allege a Cognizable Claim for Which Relief May be Granted, Warranting Dismissal of the Third Cause of Action.**

21

22       As a preliminary matter, there is no common law, statutory or any other cause of

23  action that exists for "Injunctive Relief for Unjust Enrichment." Second, Plaintiff's claim

24  sounding in injunctive relief is moot, as the Moving Defendants S. Joe and M. McNeill sold

25  the Property nearly six (6) years ago in 2011.[2] As a result, there is no conduct or action for

26  _____

27  [2] <u>See</u> Grant, Bargain and Sale Deed from S. Joe and M. McNeill to third party buyers, **Exhibit 2** to the Request for Judicial Notice.

1    Plaintiff to enjoin at this time as it relates to the Moving Defendants and their prior

2    ownership interest in the Property, as Moving Defendants S. Joe and M. McNeill no longer

3    own the Property, and have not owned the Property for approximately six (6) years.

4

5         **2.      Plaintiff Fails to State a Claim for Injunctive Relief Against**
              **Moving Defendants.**

6         In an abundance of caution, Moving Defendants will address the injunctive relief

7    component of Plaintiff's Third Cause of Action, and demonstrate below that Plaintiff has

8    failed to state a claim for injunctive relief against Moving Defendants. "Preliminary

9    injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of

10   Civil Procedure, which provides that a "court may issue a preliminary injunction only on

11   notice to the adverse party." FED. R. CIV. P. 65(a)(1).

12        "A plaintiff seeking a preliminary injunction must establish that he is likely to

13   succeed on the merits, that he is likely to suffer irreparable harm in the absence of

14   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

15   public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Injunctive

16   relief is "an extraordinary remedy that may only be awarded upon a clear showing that the

17   plaintiff is entitled to such relief." Id. at 22. "[C]ourts must balance the competing claims of

18   injury and must consider the effect on each party of the granting or withholding of the

19   requested relief." Id. at 24 (internal quotation marks omitted).

20        Irreparable harm cannot be "economic injury alone . . . because such injury can be

21   remedied by a damage award." Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental,

22   Inc., 944 F.2d 597, 603 (9th Cir. 1991).

23        In the Complaint, Plaintiff makes not a single showing of irreparable harm, and fails

24   to allege that Plaintiff will be seriously harmed if Moving Defendants are not enjoined from

25   any type of conduct or action. Plaintiff has failed to sufficiently establish her claim of

26   irreparable harm. In the present case, the defect in Plaintiff's Complaint is not that she is too

27   vague or raises allegations that are speculative in nature; rather, Plaintiff has failed to

1    articulate in any cognizable fashion any of the elements necessary to establish or properly

2    allege injunctive relief. Plaintiff fails to allege that any potential injury suffered as a result of

3    Moving Defendants' continuing conduct without an injunction cannot be adequately

4    remedied by monetary damages. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668,

5    675 (9th Cir. 1988) (finding that, where multiple contingencies must occur before an injury

6    would become a concrete harm, the injury was "too speculative to constitute an irreparable

7    harm justifying injunctive relief."). To the contrary, the only remedy available to Plaintiff

8    from Moving Defendants is monetary in nature, as none of the Moving Defendants have held

9    an ownership interest in the Property for six (6) years.

10       The closest Plaintiff gets to alleging anything that resembles an allegation for

11   injunctive relief is the statement that an order should be entered "enjoining and requiring

12   Defendants to unwind the sale transaction, [and to] redeem the Property to the Plaintiff."

13   (Compl., p. 37, ¶ 160, ll. 21-25.) Plaintiff falls woefully short of alleging the elements

14   necessary for injunctive relief, and as a result, Plaintiff fails to state a claim upon which relief

15   may be granted. Plaintiff does not allege she is likely to succeed on the merits, that she is

16   likely to suffer irreparable harm in the absence of an injunction, or that the balance of

17   equities tips in her favor, and that an injunction is in the public interest. Thus, Plaintiff's

18   request for an injunction must fail under Rule 12(b)(6), and the Third Cause of Action for

19   Injunctive Relief for Unjust Enrichment should be dismissed by this Court.

20       **3.       Plaintiff Fails to State a Claim for Unjust Enrichment, Warranting Dismissal of the Third Cause of Action.**

21

22       To the extent Plaintiff is alleging unjust enrichment as a stand-alone claim under the

23   Third Cause of Action, the claim likewise fails as a matter of law and must be dismissed.

24   "An action based on a theory of unjust enrichment is not available when there is an express,

25   written contract, because no agreement can be implied when there is an express agreement."

26   Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997) (per curiam).

27   Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal

1   contract but where the person sought to be charged is in possession of money or property
2   which in good conscience and justice he should not retain but should deliver to another [or
3   should pay for]." Id. Unjust enrichment occurs whenever a "person has and retains a benefit
4   which in equity and good conscience belongs to another." Nevada Indus. Dev. v. Benedetti,
5   741 P.2d 802, 804 n.2 (Nev. 1987). The Nevada Supreme Court has observed that the
6   essential elements of unjust enrichment "are a benefit conferred on the defendant by the
7   plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the
8   defendant of such benefit." Unionamerica Mtg. v. McDonald, 626 P.2d 1272, 1273 (Nev.
9   1981).

10          Here, Plaintiff's Complaint fails to allege that if the Court were to find that no valid
11   contract existed between Plaintiff and the Moving Defendants, then Plaintiff would still be
12   entitled to recover under a theory of unjust enrichment. See generally Compl. Plaintiff's only
13   reference of the phrase "unjust enrichment" is that "[t]ransferring Defendants and
14   Foreclosure Defendants have been unjustly enriched by retaining the Property. The principles
15   of justice, equity and good conscience require that such property be returned to Plaintiff."
16   (Compl., p. 38, ¶ 163, ll. 4-6.) Plaintiff allegations relating to unjust enrichment are alleged
17   against the "Transferring Defendants" and the "Foreclosing Defendants", and there is no
18   reference to any of the Moving Defendants. (Compl., p. 38, ¶ 163, l. 4.) Plaintiff fails to
19   allege what Moving Defendants have and over what they have retained a benefit, which in
20   equity and good conscience belongs to Plaintiff. Plaintiff simply fails to allege the most basic
21   allegations as to Plaintiff, and absent such basic allegations, Plaintiff's claims for relief for
22   unjust enrichment must fail as a matter of law under Rule 12. Accordingly, Plaintiff has
23   failed to adequately plead a claim for unjust enrichment against Moving Defendants. Thus,
24   this Court should deny Plaintiff's Third Cause of Action for Unjust Enrichment.

25          For all of the foregoing reasons, Plaintiff has failed to state a valid claim for unjust
26   enrichment and it must be dismissed as a matter of law under Rule 12(b)(6).

27

**D.**     **Plaintiff Has Failed to State a Claim for Breach of Contract Because No Privity of Contract Exists Between Plaintiff and Moving Defendants**

In the Complaint, Plaintiff alleges in the Fourth Cause of Action breach of contract "against all Defendants". (Compl., p. 38, ll. 10-11.) A plaintiff in a breach of contract action must "show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 920–21 (D. Nev. 2006) (citing Richardson v. Jones, 1 Nev. 405, 405 (1865)); see Restatement (Second) of Contracts § 203 (2007); Calloway v. City of Reno, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement"). Plaintiff's allegations for breach of contract, when taken as true, are insufficiently pled to identify any of the elements of breach of contract as it relates to Moving Defendants.

In the present case, Plaintiff alleges that she entered into a written contract with Defendant PCM, and that "Plaintiff was contracting with Lender Pacific Community Mortgage Inc., and that the contract is void on its face. (Compl., p. 38, ll. 13-15.) Nowhere does Plaintiff allege that Moving Defendant agreed to perform under any contract with Plaintiff, nor does Plaintiff allege how Moving Defendants breached a contract. See generally Compl. Plaintiff likewise does not assert that she has performed any duties and obligations required by any contract with Moving Defendants. See generally Compl. Finally, Plaintiff's Complaint is devoid of a single allegation that states the Moving Defendant's failure to perform under any contract constitutes a breach of a contract. See generally Compl. Accordingly, Plaintiff has provided absolutely no allegations to form the basis from which the Court could conclude that Moving Defendants plausibly breached an agreement, as Plaintiff never alleges anywhere in the Complaint, including the Fourth Cause of Action, that a contract ever existed between Plaintiff and Moving Defendants.

1    Because Plaintiff never alleged that she entered into a contract with any of the

2    Moving Defendants, Plaintiff's claim for breach of contract against Moving Defendants fails

3    as a matter of law.

4    **E.**    **Plaintiff Has Failed to State a Claim for Violation of NRS Chapters 645 and 675.**

5    In the Fifth Cause of Action, Plaintiff alleges against the "Lending and Foreclosing

6    Defendants" a violation of Nevada Lending and Foreclosure Statutes under NRS 645 and

7    NRS 675. (Compl., p. 39, ll. 21-24.) Specifically, Plaintiff relies upon NRS 645F.420,

8    NRS 645F.430, NRS 645.F440, NRS 645F445, NRS 645F.450 and NRS 675 as the basis for

9    its Fifth Cause of Action. (Compl., pp. 39-44.) As set forth in greater detail below, Plaintiff's

10   reliance upon Chapters 645F and 675 are misplaced, insufficiently pled, or the statutes relied

11   upon by Plaintiff are simply inapplicable, warranting dismissal for failure to state a claim

12   under Rule 12(b)(6).

13   **1.    NRS 654F.420 does Not Apply to Moving Defendants, but Relates Solely**
     **to Violations of "Covered Services" Under NRS 645F.400, and Moving**
14   **Defendants Rendered No "Covered Services".**

15   Plaintiff seeks to enforce Chapter 645F.420 against Moving Defendants. (Compl.,

16   p. 40, ¶¶ 180-181, p. 41, ll. 1-4.) Chapter 645F of the Nevada Revised Statute governs

17   mortgage lending and related professions. NRS 645F.420 states that a homeowner may bring

18   an action to recover damages "as a result of a person's violation of a provision of

19   NRS 645F.400 ..." The scope of NRS 645F.400 covers exclusively "persons performing

20   covered services for compensation" and delineates a number of prohibited acts. "Covered

21   service" is defined under NRS  645F.310 as the following:

22       1.   Financial counseling to a homeowner, including, without limitation,
             debt counseling and budget counseling.
23
         2.   Receiving money for the purpose of distributing it to creditors in
24           payment or partial payment of any obligation secured by a mortgage or other
             lien on a residence in foreclosure.
25
         3.   Contacting a creditor on behalf of a homeowner.
26

27

4.    Arranging or attempting to arrange for an extension of the period within which a homeowner may cure a default and reinstate an obligation pursuant to a note, mortgage or deed of trust.

5.    Arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale of a residence in foreclosure.

6.    Advising a homeowner regarding the filing of any document or assisting in any manner in the preparation of any document for filing with a bankruptcy court.

7.    Giving any advice, explanation or instruction to a homeowner which in any manner relates to the cure of a default in or the reinstatement of an obligation secured by a mortgage or other lien on a residence, the full satisfaction of the obligation, or the postponement or avoidance of a foreclosure sale.

8.    Arranging or conducting, or attempting to arrange or conduct, for a homeowner any forensic loan audit or review or other audit or review of loan documents.

9.    Arranging or attempting to arrange for a homeowner the purchase by a third party of the homeowner's mortgage loan.

10.    Arranging or attempting to arrange for a homeowner a reduction of the principal of the homeowner's mortgage loan when such a mortgage loan is held by or serviced by a third party.

11.    Providing the services of a loan modification consultant.

12.    Providing the services of a foreclosure consultant.

NEV. REV. STAT. § 645F.420.

NRS 645F.420 does not apply to Moving Defendants, as this provision relates solely to conduct arising from violations of NRS 645F.400, which encompasses only "covered services" as defined under NRS 645F.310. Plaintiff fails to allege that Moving Defendants are "covered entities." See generally Compl.

**2.     Plaintiff's Claims Under NRS 645F.445 and NRS 645F.450 Both Fail as a Matter of Law, Because Both Statutes are Inapplicable to the Moving Defendants.**

Plaintiff seeks to enforce NRS 645F.445 and NRS 645F.450 against Moving Defendants, but neither statute applies in the present case. (Compl., p. 40, ¶¶ 180-181, p. 41, ll. 1-4.) NRS 645F.445 governs mortgage lending and related professions. Both claims under NRS 645F.445 and NRS 645F.450 must be dismissed, because Plaintiff fails to state a claim

1   against Moving Defendants upon which relief can be granted, warranting dismissal under

2   Rule 12(b)(6).

3         NRS 645F.445 provides that:

4         Person with knowledge of violation prohibited from providing assistance or
          support to foreclosure consultant, loan modification consultant or person
5         performing covered services for compensation.  A person who knows or
          reasonably should know that another person who performs any covered
6         service for compensation, a foreclosure consultant or a loan modification
          consultant is in violation of any provision of NRS 645F.300 to 645F.450,
7         inclusive, and any regulations adopted pursuant thereto shall not provide
          substantial assistance or support to the person who performs any covered
8         service for compensation, the foreclosure consultant or the loan modification
          consultant.

9

10  NEV. REV. STAT. § 645F.445.

11        Plaintiff also cites to NRS 645F.450 without any specific allegations against Moving

12  Defendants, which governs the cumulative nature of penalties and provides that:

13        The rights, remedies and penalties provided pursuant to the provisions of NRS
          645F.300 to 645F.450, inclusive, are cumulative and do not abrogate and are
14        in addition to any other rights, remedies and penalties that may exist at law or
          in equity, including, without limitation, any criminal penalty that may be
15        imposed pursuant to NRS 645F.430.

16  NEV. REV. STAT. § 645F.450.

17        In the present case, Plaintiff fails to craft any allegations against Moving Defendants

18  under NRS 645F.445 and NRS 645F.450. Rather, Plaintiff simply includes a cut and paste

19  of the statute, which is insufficient to meeting pleading requirements to withstand dismissal

20  under Rule 12(b)(6). NRS 645F.445 does not apply to Moving Defendants, as they are

21  simply purchasers at a foreclosure sale and have no involvement with "foreclosure

22  consultant, loan modification consultant or person performing covered services for

23  compensation". Plaintiff fails to allege that any of the Moving Defendants are "covered

24  services" as defined under NRS 645F.310. See generally Compl. Plaintiff's claim arising

25  under NRS 645F.450 also does not apply to Moving Defendants, because the penalty

26  provision is only triggered as it relates to NRS 645F.300 to NRS 645F.450, and none of those

27  claims raised by Plaintiff survive against Moving Defendants. Plaintiff's claims under

1    NRS 645F.445 and NRS 645F.450 must be dismissed as to the Moving Defendants for

2    failure to state a claim under Rule 12(b)(6).

3        **3.**    **Plaintiff's Claims Under NRS 645F.430 and NRS 645F.440 Both Fail as a Matter of Law, Because Plaintiff Fails to Allege Fraud with Requisite Particularity Under Rule 9.**

4

5        Plaintiff seeks to enforce NRS 645F.430 and NRS 645F.440 against Moving

6    Defendants, but the allegations are not pled with sufficient specificity required under Rule 9,

7    and, therefore, Plaintiff's claims cannot survive a 12(b)(6) motion. (Compl., pp. 41-43, ¶¶

8    182-183.) NRS 645F.430 governs foreclosure purchasers, and provides that:

9        Criminal penalty for **fraud or deceit** against homeowner.  A foreclosure purchaser who engages in any conduct that operates as a **fraud or deceit** upon

10       a homeowner in connection with a transaction that is subject to the provisions of NRS 645F.300 to 645F.450, inclusive, including, without limitation, a

11       foreclosure reconveyance, is guilty of a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than 364 days, or by

12       a fine of not more than $50,000, or by both fine and imprisonment.

13   Nev. Rev. Stat. §645F.430 (emphasis added).

14       NRS 645F.440 provides that the transaction involving foreclosure purchasers may be

15   rescinded "due to **fraud or deceit** upon homeowner." Nev. Rev. Stat. §645F.440 (emphasis

16   added). The elements of fraud consist of (1) a false representation (2) in reference to a

17   material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with

18   action taken in reliance on the misrepresentation. Hart v. McLucas, 535 F.2d 516, 519 (9th

19   Cir. 1976) (citing Pence v. United States, 316 U.S. 332, 338, 62 S.Ct. 1080, 1083, 86 L.Ed.

20   1510 (1942)).

21       NRS 645F.440 contains a number of conditions precedent, which must be met before

22   a homeowner may avail herself of the rescission remedy, and requires the homeowner to do

23   the following:

24       2.   To rescind a transaction pursuant to subsection 1, the homeowner must give written notice to the foreclosure purchaser and a successor in interest to

25       the foreclosure purchaser, if the successor in interest is not a bona fide purchaser, and record that notice with the recorder of the county in which the

26       property is located. The notice of rescission must contain:

27

1
2
   (a) The name of the homeowner, the foreclosure purchaser and any successor in interest who holds title to the property; and

   (b)  A description of the property.

3
4
   3.   Within 20 days after receiving notice pursuant to subsection 2:

5
6
7
   (a) The foreclosure purchaser and the successor in interest, if the successor in interest is not a bona fide purchaser, shall reconvey to the homeowner title to the property free and clear of encumbrances which were created subsequent to the rescinded transaction and which are due to the actions of the foreclosure purchaser; and

8
9
   (b) The homeowner shall return to the foreclosure purchaser any consideration received from the foreclosure purchaser in exchange for the property.

10  NEV. REV. STAT. §645F.440(2).

11        Subsection 5 provides that "[a] transaction may not be rescinded pursuant to this

12  section if the foreclosure purchaser has transferred the property to a bona fide purchaser."

13  NEV. REV. STAT. §645F.440(5). A "bona fide purchaser" is defined under this section as "any

14  person who purchases an interest in a residence in foreclosure from a foreclosure purchaser

15  in good faith and for valuable consideration and who does not know or have reasonable cause

16  to believe that the foreclosure purchaser engaged in conduct which violates subsection 1."

17  NEV. REV. STAT. §645F.440(5).

18        There is no need to address whether or not this transaction is subject to the provisions

19  of NRS 645F.300 to 645F.450, as this Court may dispose of Plaintiff's claim under

20  NRS 645F.430 and NRS 645F.440 on the basis that Plaintiff failed to meet the pleading

21  requirements to survive a motion to dismiss arising from a fraud claim. NRS 645F.430

22  contains a fraud component, in that it requires "fraud or deceit" against Plaintiff, the former

23  homeowner of the Property.

24        Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud …

25  a party must state with particularity the circumstances constituting fraud..." FED. R. CIV. P.

26  9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent

27  conduct against which they must defend, but also to deter the filing of complaints as a pretext

1   for the discovery of unknown wrongs, to protect defendants from the harm that comes from

2   being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the

3   court, the parties and society enormous social and economic costs absent some factual basis."

4   Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1057 (9th Cir. 2011) (citing Bly-

5   Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)).

6          Fraud is an express element of NRS, and, therefore, Plaintiff must meet the

7   heightened pleading requirements of Rule 9(b). Plaintiff's only allegation against the Moving

8   Defendants under the Fifth Cause of Action is that "Defendant McNeill and Joe are not and

9   were not bonafide [sic] purchasers for value. A mere investigation of title would dispose

10  anyone of any legality of this purchase and any purchaser should have reasonable cause to

11  investigate the Non-Judicial Trustee's Sale." (Compl., p. 43, ¶ 184, ll. 12-15.) Plaintiff's sole

12  allegation in paragraph 43 of the Complaint is woefully short of meeting the heightened

13  pleading requirement under Rule 9, in that it contains not a single piece of information that

14  conveys any specificity as to time, manner, place or persons involved in the alleged fraud, or

15  what the purported fraud even is, for that matter. See generally Compl. Plaintiff's claims

16  arising under NRS 645F.430 and NRS 645F.440 must be dismissed for failure to meet the

17  heightened pleading requirement under Rule 9. Dismissal is therefore appropriate under Rule

18  12(b)(6) for failure to state a claim as to Moving Defendants.

19          **4.     Plaintiff's Claim Under Chapter 675 Fails as a Matter of Law Because
            Plaintiff Makes Not a Single Allegation in Support of this Claim, and**
20          **Chapter 675 Governs Installment Loans, and Is Inapplicable.**

21          In the heading of the Complaint, Plaintiff includes as part of her Fifth Cause of

22  Action for alleged violation of Nevada lending and foreclosure statements a claim under

23  Chapter 675 of the Nevada Revised Statutes. (Compl., p. 39, ll. 22-24.) First, Plaintiff fails to

24  make a single allegation in the Complaint against Moving Defendants arising under Chapter

25  675. See Compl. Plaintiff likewise fails to identify which specific section under Chapter 675

26  Plaintiff seeks to allege against Moving Defendants. See Compl.

27

1    <u>Second</u>, Chapter 675 of the Nevada Revised Statute governs "Installment Loans" and

2    applies as follows:

3    NRS 675.035   Applicability of chapter.   The provisions of this chapter
     apply to any person who:

4

5        1.   Makes installment loans that are not subject to regulation pursuant to
     chapter 604A of NRS;

6        2.   Is an affiliate, subsidiary or holding company of a bank, national
     banking association, savings bank, trust company, savings and loan
7    association, credit union, mortgage broker, mortgage banker, thrift company
     or insurance company; and

8        3.   Seeks to evade its application by any device, subterfuge or pretense,
9    including, without limitation:

10       (a)  Calling a loan by any other name;

11       (b)  Using any agents, affiliates or subsidiaries in an attempt to avoid the
     application of the provisions of this chapter; or

12
         (c)  Having any affiliation or other business arrangement with an entity that
13   is exempt from the provisions of this chapter pursuant to subsection 1 of NRS
     675.040, the effect of which is to evade the provisions of this chapter,
14   including, without limitation, making a loan while purporting to be the agent
     of such an exempt entity where the purported agent holds, acquires or
15   maintains a material economic interest in the revenues generated by the loan.

16   Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 675.035.

17       Plaintiff fails to allege anywhere in the Complaint that any of the Moving Defendants

18   were ever involved in the making of installment loans to Plaintiff. <u>See</u> Compl. As a result,

19   Chapter 675 is wholly inapplicable to Moving Defendants. Plaintiff's claim arising under

20   Chapter 675 must be dismissed under Rule 12(b)(6), because Plaintiff fails to state a claim

21   against Moving Defendants upon which relief can be granted.

22
     F.   <u>**Plaintiff Has Failed to State a Claim for Negligence Because Plaintiff Cannot**</u>
23        <u>**Recover for Negligence Absent the Existence of a Contract.**</u>

24       Plaintiff's Ninth Cause of Action for Negligence must fail as a matter of law under

25   Rule 12(b)(6) because it is a well-established common law rule that "absent privity of

26   contract or an injury to person or property, a plaintiff may not recover in negligence for

27   economic loss." <u>See</u> <u>Local Joint Executive Bd. Of Las Vegas, Culinary Workers Union,</u>

1  Local No. 226 v. Stern, 98 Nev. 409, 410-11 (1982). In the Complaint, Plaintiff fails to allege

2  anywhere that Plaintiff and the Moving Defendants are in privity of contract. See Compl.

3  There are no facts that were properly pled by Plaintiff against Moving Defendants that may

4  permit recovery for negligence. Therefore, the negligence claims should be dismissed as a

5  matter of law for failure to state a claim under Rule 12(b)(6).

6                          **IV.**     **CONCLUSION**

7          Plaintiff's claims for Injunctive Relief for Unjust Enrichment, Breach of Contract,

8  violations of NRS 645F and 675, and Negligence fail as a matter of law for failure to state a

9  claim under Rule 9(b) and Rule 12(b)(6). For all of the foregoing reasons, Moving

10  Defendants respectfully request that this Court dismiss Plaintiff's claims for Injunctive Relief

11  for Unjust Enrichment, Breach of Contract, violations of NRS 645F and 675, and

12  Negligence.

13          DATED this 10th day of June, 2016.

14                                    **HOLLEY DRIGGS WALCH FINE**
                                      **WRAY PUZEY & THOMPSON**

15
                                        /s/ Ogonna M. Brown
16                                    OGONNA M. BROWN, ESQ. (NBN 7589)
                                      E-mail: obrown@nevadafirm.com
17                                    400 South Fourth Street, Third Floor
                                      Las Vegas, Nevada 89101
18                                    Telephone: 702/791-0308
                                      *Attorneys for Defendants Steven Joe,*
19                                    *Michael McNeill and Juliana McNeill*
    11682-01/1701472
20

21

22

23

24

25

26

27

- 21 -

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Holley Driggs Walch Fine Wray Puzey & Thompson, and that, pursuant to Fed. R. Civ. P. 5(b), on the 10th day of June, 2016, I caused the document entitled **DEFENDANTS STEVEN JOE, MICHAEL MCNEILL, AND JULIANA MCNEILL'S MOTION TO DISMISS** to be served as follows:

     ☐ Personal Service
     ☑ Electronic service via CM/ECF
     ☐ Fax Service
     ☐ Mail Service
     ☐ Overnight Delivery

to the following as addressed below:

Todd W Prall
Hutchison & Steffen, LLC
E-mail: tprall@hutchlegal.com
*Attorneys for Christopher J Flaharty; Nichole R Flaharty; Flaharty Family Trust*

Aaron D. Lovaas
Lovaas & Lehtinen, P.C.
E-mail aaron@globalbusinesslawyersusa.com
*Attorneys for Noble Title*

Darren J Welsh
E-mail: darrenw@americanagrp.com
*Attorney for Prudential Americana Group*

and served as follows:

     ☐ Personal Service
     ☐ Electronic service via CM/ECF
     ☐ Fax Service
     ☑ Mail Service
     ☐ Overnight Delivery

to the following as addressed below:

Salma Agha-Kahn MD.
3751 Motor Ave #34272
Los Angeles, CA 90034
*Plaintiff PRO SE*

_____
An employee of Holley Driggs Walch Fine Wray Puzey & Thompson