UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., | Case No. 2:16-CV-1124 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| PACIFIC COMMUNITY MORTGAGE, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Salma Agha-Khan's motion for entry of default (ECF No. 77) against defendant Wells Fargo Bank, N.A. In the motion, plaintiff asserts that "Defendant was served with a copy of the summons and complaint on June 1, 2016 . . ." and that "[a]n answer to the complaint was due on June 21, 2016." (ECF No. 77 at 4).

## I. Motion for Default Judgment

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment if plaintiff's request is not accompanied by "an affidavit showing the amount due . . . ." *See* Fed. R. Civ. P. 55(b)(1)–(2). No affidavit indicating an amount of money due accompanies the present motion. (ECF No. 77). Therefore, this court will consider the present motion. *See* Fed. R. Civ. P. 55(b)(2).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

According to docket records, it appears that the defendant was served on June 1, 2016. (ECF No. 80).  Defendant failed to answer or assert a defense within 21 days of that date.[1] *See* Fed. R. Civ. P. 12(a).  However, plaintiff stipulated with defendant (also labeled as "Wells Fargo National Financial Bank") on July 14, 2016, to extend the deadline for responding to the complaint to July 29, 2016.  (ECF No. 49 at 1).  In the stipulation, defendant "dispute[d] whether the attempted service made on June 3, 2016, at a local Wells Fargo branch in Billings, Montana was proper."  *Id.*  Later, defendant filed a motion to extend the deadline to respond to August 12, 2016, (ECF No. 62 at 2) which was granted by Magistrate Judge Koppe (ECF No. 63).  On August 12, 2016, defendant filed a motion to dismiss.  (ECF No. 67).  No timely response to that motion has been filed by plaintiff.

Local Rule IA 6-1(a) governs motions and stipulations to extend time.  *See* LR IA 6-1(a). The rule states that "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."  *Id.*

This court agrees with magistrate Judge Koppe that defendant adhered to this rule by explaining that additional time was necessary to respond to plaintiff's complaint because the service was disputed, defendant's counsel was "recently retained," and defendant's counsel "require[d] additional time to locate, organize, and review the relevant documents and prepare the appropriate response."  (ECF No. 49 at 1).  The second motion to extend time also conformed to the rule because defendant's counsel indicated that she had trial obligations during the last week of July.  (ECF No. 62 at 2).  Therefore, these extensions of time were proper.  Because defendant filed a motion to dismiss (ECF No. 67) on the final day of the second extension period, (ECF No. 63) the motion is timely.

Consequently, defendant has appropriately asserted a defense.  Thus, the requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) have not been met.

. . .

. . .

. . .

---

[1] There would still have been a lack of response within 21 days even assuming, *arguendo*, that defendant is correct in its stipulation for extension (ECF No. 49) that service occurred on June 3, 2016.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for entry of default (ECF No. 77) be, and the same hereby is, DENIED.

DATED August 25, 2016.

_____
UNITED STATES DISTRICT JUDGE