UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., | Case No. 2:16-CV-1124 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| PACIFIC COMMUNITY MORTGAGE, INC., et al., | |
| Defendant(s). | |

Presently before this court is case no. 2:16-cv-01124-JCM-NJK, wherein plaintiff Salma Agha-Khan sued twenty-eight defendants in relation to the June 25, 2004, purchase of the real property at 1967 Cherry Creek Circle, Las Vegas, Nevada; the securitization of the underlying loan, and the eventual foreclosure on that property. (ECF No. 1).

In terms of chronology, plaintiff allegedly purchased the property on June 25, 2004. (ECF No. 1). Moreover:

> Plaintiff alleges that notwithstanding that [Pacific Community Mortgage Inc. ("PCM"] transferred the loan [affiliated with that property] to the SARM Trust, Defendant Aurora, Defendant Quality and Defendant MERS claimed an interest in the loan and filed fraudulent documents with Clark County Nevada claiming to have been assigned the interest in the loan from PCM on *February 5, 2010* . . . after issuing Notice of Default on *January 13, 2010* . . . with Corporate Assignment of Deed of Trust on April 19, 2010.

(*Id.* at 9) (emphasis added). Further, plaintiff indicates that a trustee sale of the property occurred on June 1, 2010. (*Id.* at 85). Indeed, the latest date of any alleged, relevant fact supporting an asserted claim in the complaint occurred in 2010. *See generally* (*id.*).

In her original complaint, plaintiff alleges the following causes of action against defendants: (1) fraud; (2) violation of the Nevada Uniform Transfer Act; (3) unjust enrichment; (4) breach of contract; (5) violation of Nevada Revised Statutes ("NRS") 645 and 675; (6) violation of 15 U.S.C. § 1601 and 18 U.S.C. §§ 1341–44; (7) violation of 42 U.S.C. §§ 1982 and 1983; (8)

**James C. Mahan**
**U.S. District Judge**

violation of the due process clause of the Nevada Constitution, the California Constitution, and the United States Constitution in relation to a lack of notice before a purported "taking" occurred; (9) negligence; (10) violation of state and federal racketeering laws; (11) violation of 15 U.S.C. § 1692; and (12) entitlement to punitive damages pursuant to NRS 42.001, *et seq.* (ECF No. 1).

As an initial matter, plaintiff filed a motion for leave to amend the complaint. (ECF No. 105). Various defendants have submitted responses to this motion. *See, e.g.*, (ECF Nos. 109, 113, 123, 125). Plaintiff did not file a reply. This court will consider this motion before considering others.

**I.      Motion for leave to amend the complaint**

In her motion for leave to file a first amended complaint, plaintiff argues that Federal Rule of Civil Procedure 15(a)(2), which authorizes a plaintiff to amend her complaint with the court's permission "when justice so requires," allows her submission of a new complaint that reportedly "clarif[ies] . . . the complaint" because, *inter alia*: (1) the proposed additions do not prejudice defendants because they do not change the character of the case; (2) there has been no undue delay because discovery has been stayed; and (3) the amendment would not be futile. (ECF No. 105 at 3–4).

The main arguments against plaintiff's motion include that the interests of justice would not be advanced by mooting the various motions to dismiss when many of the moving parties are requesting that plaintiff's claims against them be dismissed with prejudice based upon indicia that the claims are obviously non-meritorious—causing gratuitous delay and expense. Moreover, the briefings contest that amending the complaint would be futile, and undue delay is present because plaintiff has not alleged any new claims that are based on previously unknown facts. *See, e.g.*, (ECF Nos. 109, 113).

The Ninth Circuit "ha[s] held that a district court does not abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (quoting *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570–71 (9th Cir. 1987)) (internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

**James C. Mahan**
**U.S. District Judge**

- 2 -

of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "As [the Ninth C]ircuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC*, 316 F.3d at 1052 (citation and quotation marks omitted).

Here, defendants have indicated that undue delay and prejudice are present because plaintiff seeks to amend the complaint roughly four and a half months after plaintiff initiated the case when eight motions to dismiss remain outstanding against the original complaint. (ECF Nos. 6, 9, 13, 17, 24, 65, 67, 111). Additionally, speculation exists that "the Proposed Amended Complaint does not appear to raise new issues, on fact, which can be accounted for in discovery and prosecution of the case" and that "[a]n Amended Complaint appears to be an additional premature defense to these Motions to Dismiss." (ECF No. 105 at 6).

Furthermore, the greatest source of prejudice for defendants would be the likelihood that they must expend resources defending against new claims arising from plaintiff's removal of any attempt to distinguish or organize those claims against such a broad group of defendants. *See* (ECF No. 105-1). To illustrate, plaintiff's original complaint, alleging twelve claims for relief, grouped her claims against either "all Foreclosing and Lending Defendants" or "all defendants." (ECF No. 1 at 30, 37). In contrast, her scattershot proposed amended complaint asserts nineteen causes of action "[a]gainst all defendants." (ECF No. 105-1 at 45). This utter lack of precision regarding the intended targets of her allegations risks producing frivolous claims.[1] *See* (*id.* at 56) (asserting claim for relief under 42 U.S.C. § 1983 against all twenty-eight defendants).

Accordingly, this court finds that the most important *Foman* factor for determining whether to grant leave to amend a complaint pursuant to Rule 15(a) weighs against permitting the same. In light of defendants' arguments that some of the claims are already wholly without merit and defendants' assertion that the motion is merely a defense to the various outstanding motions to

---

[1] The court produces this line of reasoning without any ruling on the underlying claims asserted in the proposed amended complaint.

**James C. Mahan**
**U.S. District Judge**

- 3 -

dismiss, this court holds that plaintiff's motion for leave to file the proposed amended complaint is denied.[2]  *See* (ECF Nos. 109, 113).

## II.    Time-barred claims

The motion to dismiss defendants Aurora Loan Services, LLC; Mortgage Electronic Registration Systems, and Theodore Schultz persuasively briefs the application of various periods of limitation ("POL") to plaintiff's claims for relief.  (ECF No. 24).  These defendants correctly indicate that, pursuant to Nevada or federal law: (1) a one-year POL applies to claims brought under the Truth in Lending Act and the Fair Debt Collection Practices Act; (2) a two-year POL applies to claim of "a penalty or forfeiture," personal injury claims, or negligence claims; (3) a three-year POL applies to claims of fraud or mistake and claims based on statute; (4) a four-year POL applies to claims of racketeering; and (5) a six-year POL applies to contract claims.[3]  (ECF No. 24); *see also* 15 U.S.C §§ 1640, 1692k(d); NRS 11.190(1), (3)–(4); NRS 112.230; *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987).  Upon review of the complaint, these POLs cover all of plaintiff's alleged claims for relief.[4]

Plaintiff filed her complaint on May 19, 2016, regarding alleged actions that either occurred in 2004 or, at the latest, 2010.  (ECF No. 1).  Therefore, the only claim that could still be live is her fourth claim, breach of contract.  However, plaintiff claims that the loan contract was immediately breached when the loan was executed—in 2004.  (*Id.*).  Therefore, the period for bringing that claim has expired as well.  (*Id.*); *see also* NRS 11.190(1).

Accordingly,

IT IS ORDERED that plaintiff's motion for leave to file an amended complaint (ECF No. 105) be, and the same hereby is, DENIED.

---

[2]  In the interest of brevity, this order will now refer to the original complaint as merely the "complaint."

[3]  This court finds that plaintiff had prior notice of the underlying actions allegedly constituting fraud such that NRS 11.190(3)(d) presents no complication to the instant analysis.

[4]  To the extent plaintiff cites criminal statutes, such as in her sixth claim for relief, the court finds that those allegations are grossly conclusory in this civil suit.  (ECF No. 1).  Indeed, plaintiff's complaint is saturated with conclusory statements, including her third claim for relief.  *See* (*id.*).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  IT IS FURTHER ORDERED that all pending motions to dismiss (ECF No. 6, 9, 13, 17, 24, 65, 67, 111) be, and the same hereby are, GRANTED without prejudice.

IT IS FURTHER ORDERED that defendant Kurt Kingsolver's motion to set aside default (ECF No. 110) be, and the same hereby is, GRANTED.

DATED February 3, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**