1
2
3
4 UNITED STATES DISTRICT COURT
5 DISTRICT OF NEVADA
6 * * *

7 SALMA AGHA-KHAN, M.D.,                          Case No. 2:16-CV-1124 JCM (NJK)

8                              Plaintiff(s),                    ORDER

9        v.

10 PACIFIC COMMUNITY MORTGAGE, INC.,
   et al.,
11

12                            Defendant(s).

13      Presently before the court is plaintiff Salma Agha-Khan's motion to reconsider this court's

14 February 3, 2017, order denying plaintiff's motion to amend her complaint and granting various

15 motions to dismiss. (ECF No. 153). Multiple responses and joinders to those responses have been

16 submitted by defendants. (ECF Nos. 155–64). Plaintiff filed a reply. (ECF No. 165).

17   **I.      Introduction**

18      Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 60, asserting that this

19 court either erred or abused its discretion by: (1) "applying the legal standard for [plaintiff's]

20 complaint"; (2) "not allowing Plaintiff to amend and add additional defendants"; (3) "failing to

21 recognize that since the lender did not exist all transfers, assignments etc of Deed of Trust were

22 invalid and all such transfers were forged documents recorded to cloud the title"; (4) "failing to

23 consider recent Ninth Circuit case which equitably tolls the statute of limitations in these wrongful

24 foreclosure actions"; (5) "failing to consider that Plaintiff discovered all of the frauds upon her

25 recent visit to Clark County Recorders office"; and (6) "dismissing all of Plaintiff's causes of

26 action . . . ." (ECF No. 153 at 3–4).

27 . . .

28

James C. Mahan
U.S. District Judge

## II.  Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); *see also* Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order"; however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted); *see also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (noting that a motion for reconsideration is analyzed under rule 59 if filed within that rule's deadline). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

## III.  Discussion

The challenged order stated that plaintiff's proposed amended complaint was so convoluted and non-specific that it risked producing frivolous claims. *See* (ECF No. 137). Additionally, that order also dismissed plaintiff's claims as time-barred. *See* (*id.*).

Plaintiff's motion fails to offer a non-conclusory argument addressing the court's reasoning for denying the motion to amend the complaint. *See* (ECF No. 153). Thus, that holding will not be disturbed. *See* Fed. R. Civ. P. 59.

Similarly, the other substantive portion of plaintiff's motion quotes various cases at length but hardly applies the provided text to this court's analysis of the applicable statutes of limitation; moreover, plaintiff also fails to show a persuasive reason for the application of equitable tolling in this case. *See* (ECF No. 153). Therefore, plaintiff is not entitled to relief.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

3    reconsideration (ECF No. 153) be, and the same hereby is, DENIED.

4    DATED April 17, 2017.

5    _____
     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -