UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., | Case No. 2:16-CV-1124 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| PACIFIC COMMUNITY MORTGAGE, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants Christopher Flaharty, Nichole Flaharty,[1] and the Flaharty Family Trust's ("the Flaharty defendants") motion for summary judgment. (ECF No. 172). Plaintiff Salma Agha-Khan filed a response (ECF No. 178), to which defendants replied (ECF No. 179).

**I.     Facts**

The instant case centers around a dispute over real property located at 1967 Cherry Creek Circle, Las Vegas, Nevada. (ECF No. 1).

On July 30, 2004, plaintiff purchased the property for $964,102 pursuant to a grant, bargain and sale deed. (ECF No. 172-4). Also on July 30, 2004, a deed of trust was recorded in favor of Ghanima Masarani, Mounir Mokaddam, and Joseph Saddi in an amount of $350,000.[2] (ECF No. 172-5).

---

[1] Defendants Christopher and Nichole Flaharty are named in their personal capacity and as trustees of the Flaharty Family Trust. (ECF No. 1).

[2] On August 24, 2005, the deed of trust was reconveyed pursuant to a substitution of trustee and deed of reconveyance (which was recorded on September 7, 2005). (ECF No. 172-6).

On September 8, 2004, plaintiff obtained a loan from Pacific Mortgage Company for $615,000. (ECF No. 172-7). This loan was secured by a deed of trust, recorded on September 8, 2004 ("the Pacific DOT"). *Id.*

On October 26, 2006, plaintiff obtained an open-ended line of credit for $200,000 from GreenPoint Mortgage Funding, Inc. (ECF No. 172-8).

On January 13, 2010, Pacific recorded a notice of breach and default and election to sell under the Pacific DOT. (ECF No. 172-9). On May 4, 2010, Pacific recorded an assignment of its deed of trust to Aurora Loan Services. (ECF No. 172-10). On May 14, 2010, a notice of trustee's sale under Pacific DOT was recorded. (ECF No. 172-11). On September 2, 2010, Steven Joe and Michael McNeill purchased the property $594,891.05 pursuant to a trustee's deed upon sale (recorded on September 13, 2010). (ECF No. 172-12).

On February 24, 2011, the Flaharty defendants purchased the subject property from Joe and McNeill for $722,500. (ECF No. 172-13). In order to finance the purchase, the Flaharty defendants obtained a loan secured by a deed of trust in favor of Wells Fargo. *Id.*

On May 19, 2016, five years and nine months after the foreclosure sale, plaintiff filed the instant complaint. (ECF No. 1). Plaintiff filed three causes of action against all defendants: unjust enrichment, breach of contract, and negligence. *Id.* These are the only causes of action that reference the Flaharty defendants. *See id.*

On February 3, 2017, the court granted eight motions to dismiss and denied plaintiff's motion for leave to file an amended the complaint. (ECF No. 137). In relevant part, the court held,

> Plaintiff filed her complaint on May 19, 2016, regarding alleged actions that either occurred in 2004 or, at the latest, 2010. (ECF No. 1). Therefore, the only claim that could still be live is her fourth claim, breach of contract. However, plaintiff claims that the loan contract was immediately breached when the loan was executed—in 2004. (*Id.*). Therefore, the period for bringing that claim has expired as well. (*Id.*); *see also* NRS 11.190(1).

*Id.*

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

**James C. Mahan**
**U.S. District Judge**

- 2 -

show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

Here, defendants argue that summary judgment in their favor is proper as the applicable statute of limitations has run on all of plaintiff's claims. (ECF No. 172). Further, defendants argue that plaintiff's unjust enrichment, breach of contract, and negligence claims fail as a matter of law. *Id.* Plaintiff argues that defendants' motion for summary judgment is premature and that disputed material facts preclude summary judgment. (ECF No. 178).

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). The statute of limitation for an unjust enrichment claim is four years. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

(1) a benefit conferred on the defendant by the plaintiff;
(2) appreciation by the defendant of such benefit; and

> (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica*, 626 P.2d at 1273). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (finding that the existence of an expressed, written agreement bars an unjust enrichment claim because there can be no implied agreement).

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")).

A negligence claim under Nevada law must adequately demonstrate: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached the duty of care; (3) actual and proximate causation; and (4) damages. *Hammerstein v. Jean Dev. West*, 111 Nev. 1471, 1475 (1995).

Here, plaintiff's claims against the Flaharty defendants are all time-barred. The court held in its prior order granting numerous other defendants' motions to dismiss that all of plaintiff's claims against all defendants are time-barred. (ECF No. 137). As the Flaharty defendants did not file a motion to dismiss, the court's decision did not dismiss plaintiff's claims against the Flaharty defendants. However, the holding in that decision is dispositive over the instant motion.

In addition to plaintiff's claims against defendant being time-barred, plaintiff's complaint fails to state cognizable causes of action against the Flaharty defendants. In regards to plaintiff's unjust enrichment claim, plaintiff did not confer a benefit onto defendant, much less a benefit "under circumstances such that it would be inequitable for [the defendants] to retain the benefit without payment of the value thereof." *See Takiguchi*, 47 F. Supp 3d at 1119. Plaintiff's breach of contract claim fails because plaintiff never entered into a contract with the Flaharty defendants. *See Laguerre*, 837 F. Supp. 2d at 1180. Plaintiff's negligence claim fails because plaintiff cannot

demonstrate a duty owed by the Flaharty defendants to plaintiff or a breach of any such duty. *See Hammerstein*, 111 Nev. at 1475.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 172) be, and the same hereby is, GRANTED.

DATED January 23, 2018.

_____
UNITED STATES DISTRICT JUDGE